Larry Canady petitions this Court for a writ of mandamus directing the Honorable James C. Brotherton of the Circuit Court of Walker County, Alabama, to vacate his order transferring an action filed in Walker County to Tuscaloosa County.
On June 22, 1989, Canady, a resident of Illinois, filed a complaint against two residents of Tuscaloosa County. The complaint included claims for damages, alleging breach of contract and fraud; for a declaration of Canady's rights under a lease of property located in Walker County; and for injunctive relief. On July 18, 1989, the defendants filed a motion requesting that the action be transferred to Tuscaloosa County. On September 7, 1989, the trial judge granted the defendants' motion and ordered the action transferred. Following the transfer Canady amended his complaint, adding a Walker County resident as a defendant, and then filed a motion to reconsider the order of transfer. That motion was denied.
When ruling on a motion to transfer, the trial court must determine whether venue was proper at the time the action was filed. If venue was not appropriate, the action shall be transferred. Ex parte Parker, 413 So.2d 1105, 1106 (Ala. 1982); Rule 82(d), Ala.R.Civ.P. In addition, Ala. Code 1975, §6-3-21.1(a), gives circuit courts the authority to transfer a civil action from one appropriate venue to another appropriate venue "for the convenience of parties and witnesses, or in the interest of justice." Transfers under that statute are within the trial judge's discretion.
Canady's original complaint contained claims alleging breach of contract and fraud, and it sought declaratory and injunctive relief. An action on a contract, "except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides." Ala. Code 1975, § 6-3-2(a)(2). In personal actions, such as fraud, venue is proper both in the county where the defendant resides and in the county where the act or omission that gave rise to the claims occurred. § 6-3-2(a)(3); Ex parte Lundy, 429 So.2d 998
(Ala. 1983); Rule 82(b)(1)(A), Ala.R.Civ.P. Venue was appropriate in Tuscaloosa County for all of the claims in Canady's original complaint, as that was the county where the defendants resided. In addition, it appears that venue was appropriate in Walker County on the fraud claim and the claim seeking a declaratory judgment. Under the joinder provision of Rule 82(c), "Where several claims . . . have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." See Rush v. ThomasDuckett Construction Co., 380 So.2d 762 (Ala. 1979). *Page 1026 
Canady maintains that transfer to Tuscaloosa County was improper for two reasons: (1) he added by amendment a defendant who resides in Walker County; and (2) venue for his declaratory judgment action, seeking an interpretation of his rights under a lease to property located in Walker County, was proper only in Walker County. As stated earlier, proper venue is determined at the time an action is filed.Parker, supra. Therefore, Canady's addition of a Walker County defendant, almost one month after the transfer, does not affect the propriety of the transfer. Ex parte Wilson, 408 So.2d 94,97 (Ala. 1981).
Rule 82(b)(1)(B), Ala.R.Civ.P., provides that actions against individual residents of this state "[m]ust, if the subject matter of the action is real estate . . ., be brought in the county where the real estate or a material portion thereof is situated." Thus, Canady argues that his request for a declaratory judgment seeking an interpretation of his rights under a lease of Walker County property makes Walker County the only appropriate forum. We disagree. In Ex parteNottingham, 522 So.2d 777 (Ala. 1988), this Court held that for venue purposes an action on a lease is one in personam, not inrem, and is transitory and therefore may be brought in any county where other transitory actions could be brought. 522 So.2d at 779. In Nottingham this Court issued a writ of mandamus ordering the trial court to vacate its order of transfer because that court, apparently holding that an action on a lease was an action in rem, had transferred the action to the county where the leasehold property was located.Id. Therefore, in accordance with this Court's holding inNottingham, supra, we conclude that venue for Canady's request for a declaratory judgment was not confined to Walker County, but was also proper in Tuscaloosa County.
In his affidavit in response to the petition for writ of mandamus, Judge Brotherton states that one of the reasons he transferred this action to Tuscaloosa County was for the convenience of the parties and witnesses, pursuant to the discretion conferred on him by Ala. Code 1975, § 6-3-21.1
(Supp. 1989). An important part of the dispute concerns certificates of deposit held by a bank in Tuscaloosa County. Canady is a resident of Illinois, and the only defendants involved at the time the transfer was made were residents of Tuscaloosa County. The facts presented do not show that the transfer for the convenience of the parties and witnesses was a clear abuse of the trial judge's discretion. In cases involving the exercise of discretion by a trial court, mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or revise its exercise except in a case of abuse of discretion. Ex parte Smith, 533 So.2d 533, 534
(Ala. 1988).
The trial judge did not abuse his discretion by transferring this case to Tuscaloosa County. Therefore, the petition for writ of mandamus is denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.