On Application for Rehearing

STEAGALL, Justice.
This Court’s opinion of December 17, 1993, is withdrawn and the following is substituted therefor.
Talladega County petitions this Court for a writ of mandamus directing the trial court to vacate its denial of Talladega County’s motion for a change of venue in a wrongful death case brought in the Circuit Court of Calhoun County.
Dorothy Chappell, as administratrix of the estate of Charlie Chappell, deceased; Tommy E. Otwell; Rosemary Morman; and Michael Morman sued Talladega County and Calhoun County in the Circuit Court of Calhoun County, alleging that the defendants had negligently and wantonly failed to erect and maintain proper road signs at the intersection of Talladega Road 005 and United States Highway 78, where the accident occurred; that the defendants also had failed to erect and maintain such signs along key areas of Talladega Road 005 leading into the intersection; and that this failure had caused an automobile accident that resulted in the death of Charlie Chappell and injury to the other plaintiffs.
Talladega County moved to transfer the case to the Talladega Circuit Court pursuant to Ala.Code 1975, § 6-3-11, which requires that any action against a county be brought within that county or in the county where the act or omission complained of occurred. Tal-ladega County argued that venue was not proper in Calhoun County because, it said, Calhoun County was not properly a defendant in the case and the area where the plaintiffs said warning signs should have been posted was located in Talladega County. Calhoun County moved for a summary judgment, arguing that it had no duty to maintain warning signs on the areas of the road at issue in this case.
After a hearing, the trial court entered an order finding that part of the area where the plaintiffs claimed signs should have been posted was located in Calhoun County, but that any duty to maintain warning signs in that area would fall upon Talladega County; consequently, the court entered a summary judgment for Calhoun County. The court denied Talladega County’s motion to transfer the case, however, and Talladega County now petitions this Court for a writ of mandamus ordering the court to vacate its order denying the motion.
When a lawsuit involves a county or a municipality as a defendant and also involves one or more other defendants, the matter of venue is to be determined by referring to Ala.Code 1975, § 6-3-11, which provides that all civil actions for damages for personal injury, death, or property damage against a county must be brought in that county, or in the county where the act or omission occurred.
Talladega County argues that the areas where the plaintiffs say warning signs should have been posted were located in Talladega County, and that the trial court thus erred in denying the motion to transfer, *475 based on its finding that the act or omission complained of occurred in Calhoun County.
To support its motion to transfer, Tallade-ga County submitted a technical survey of Talladega Road 005, conducted by James W. Barry, Sr., a land surveyor registered in Calhoun County. In his survey, Barry analyzed Act No. 11 of the 1832 Session of the General Assembly of Alabama (Ala. Acts 1832, page 9), which established the boundaries between Benton County (later renamed Calhoun County) and Talladega County. Barry also analyzed the original field survey notes and the governmental survey that the legislature used to draft Act 11, and concluded that the areas of the Talladega Road in question were located in Talladega County. Calhoun County engineer Michael Shaw and Talladega County engineer Duane Dunn also, by affidavits, expressed the opinion that the areas in question were in Talladega County.
In opposition to the motion to transfer, Chappell argued that the two counties had, by acquiescence, accepted Talladega County Road 93 as the boundary line between the two counties. To support this argument, Chappell submitted a Calhoun County tax map, a U.S. Geological map, and State of Alabama Highway Department maps, all of which indicate that at least a portion of the area in question on Talladega Road 93 is considered by the counties to be located in Calhoun County.
It is well established in Alabama that a boundary line between two counties, fixed by the legislature, cannot be changed by acquiescence of the counties. Elmore County v. Tallapoosa County, 222 Ala. 147, 131 So. 552 (1930). Acquiescence can be considered only where there is uncertainty because of a conflict in calls, descriptions, or monuments employed in the legislative act fixing the line. Elmore County. Because the boundary line between Talladega County and Calhoun County is discernible from the legislative act that established the boundary, the trial court erred in considering the evidence of acquiescence. The act or omission complained of occurred in Talladega County, and Talladega County is the only defendant remaining in this case; accordingly, the trial court erred in denying Talladega County’s motion to transfer the case to Talladega County. The petition for the writ of mandamus is therefore granted, and the Circuit Court of Calhoun County is directed to transfer the action to the Circuit Court of Tallade-ga County.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, INGRAM and COOK, JJ., concur.
ALMON, J., concurs in the result.