MADDOX, Justice
(dissenting).
Petitioners Serra Chevrolet, Inc. (“Serra”), MS Life Insurance Company (“MS Life”), and GMAC Financial Services (“GMAC”), have asked this Court for a writ of mandamus directing Judge James W. Moore, Jr., of the Fayette County Circuit Court to transfer an action to Jefferson County.
The plaintiff, Johnny M. Bice, filed this action against Serra, MS Life, and GMAC in the Circuit Court of Fayette County on May 20, 1993. In his complaint, Bice alleged that the defendants were liable to him as a result of misrepresentations made regarding an MS Life credit life insurance policy that Bice had purchased along with an automobile. The cost of the automobile, as well as the cost of the credit life insurance policy, was financed pursuant to an installment contract assigned to GMAC. Bice asserted that the defendants had represented to him that the amount of credit life insurance he purchased would be sufficient to cover the unpaid indebtedness under the installment contract, in the event he died before he repaid the loan. He further asserted that in truth the amount of insurance he purchased far exceeded the amount actually needed to cover the indebtedness.
As a result of this alleged conduct, the plaintiff stated five counts in his complaint; counts one through four alleged breach of contract, fraud, outrageous conduct, and unconscionable conduct; on those counts Bice sought compensatory and punitive damages and injunctive and other equitable relief. Count five sought to have the action certified as a class action.
On June 20, 1994, defendant GMAC removed this action to the United States District Court for the Northern District of Alabama, on the basis that federal question jurisdiction existed; it was remanded to the Circuit Court of Fayette County on June 30, 1994. After remand, all of the defendants filed motions to transfer the case. After a hearing, the motions were denied and this mandamus petition followed.
The petitioners claim that the writ should issue, based on either of two grounds: 1) that Ala.Code 1975, § 6-3-7, states than an action for personal injuries against a domestic corporation “must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent” in that county; or 2) that the trial judge should have transferred the case to another venue by applying the doctrine of forum non conveniens, as codified in Ala.Code 1975, § 6-3-21.1.
*523 Although I would not grant the writ of mandamus on the basis of § 6-3-7, I would grant the writ and order the trial court to transfer the case to Jefferson County, on the basis of forum non conveniens. In Ex parte New England Mutual Life Ins. Co., 663 So.2d 952 (Ala.1995), this Court discussed the same principles of law that are involved here, disagreeing with the insurer’s assertion that the venue provisions of § 6-3-5 exclusively govern contract actions against insurers, and no other kind, but holding that the case should be transferred under the doctrine of forum non conveniens. This issue was also before this Court in Ex parte Gauntt, (Ms. 1940591, July 14, 1995), and in that ease I dissented from this Court’s issuance of a writ of mandamus directing a trial judge to set aside a transfer order; in my dissent I set out my understanding of the doctrine of forum non conveniens, quoting Ex parte New England Mutual Life Ins. Co.[1] In New England Mutual Life, this Court wrote:
“The doctrine of forum non conveniens was formally adopted in this state and codified at § 6-3-21.1, Ala.Code 1975; the doctrine has a field of operation only where an action is commenced in a county in which venue is appropriate. Transfers under this Code section are within the discretion of the trial judge. The purpose of the doctrine is to prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991). Section 6-3-21.1(a) reads as follows:
“ ‘(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.’
The burden of proof under this doctrine is on the defendant to prove to the satisfaction of the trial court that the defendant’s • inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiffs right to choose the forum is overcome. Stated differently, the transferee forum must be significantly more convenient than the forum in which the action is filed by the plaintiff, to justify transfer. Ex parte Townsend, 589 So.2d at 714.”
663 So.2d at 956.
Although I disagree with the petitioners’ assertion that the case should be transferred under the first ground they argue, the petitioners, in my judgment, have met their burden of proving that the doctrine of forum non conveniens should have been applied and that the trial court clearly erred in not transferring the case to another venue under that doctrine.
In Ex parte Gauntt, I wrote the following regarding the intent of the Legislature in adopting § 6-3-21.1, and how it thought the doctrine of forum non conveniens should be applied[2]:
“In my opinion, the Legislature, in adopting the forum non conveniens statute, intended to vest in the trial courts, and in this Court and the Court of Civil Appeals, the power to transfer a cause when the ‘interest of justice’ requires a transfer. In 1987, the Legislature, after extensive debate, adopted the statute that the trial judge followed in transferring these cases. In my opinion, when the trial judge determines that the plaintiffs are guilty of ‘forum shopping,’ and that the chosen forum is inappropriate because of considerations affecting the court’s own administrative and legal problems, the Legislature says that the trial court ‘shall’ transfer the cause. The Supreme Court of the United States has stated that because plaintiffs are allowed a choice of forum by statute, a *524 plaintiff may be ‘under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.’ Gulf Oil Corp. v. Gilbert, 880 U.S. 501, 507 [67 S.Ct. 839, 842, 91 L.Ed. 1055] (1947). In another case, the Supreme Court, applying the forum non conveniens doctrine, said a transfer under that doctrine is proper when
“[1]... an alternative forum has jurisdiction to hear the case, and when the trial in the chosen forum would “establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiffs convenience,” or when the “chosen forum [is] inappropriate because of considerations affecting the court’s own administrative and legal problems.” ’
Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 [102 S.Ct. 252, 258, 70 L.Ed.2d 419] (1981), quoting Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 [67 S.Ct. 828, 831, 91 L.Ed. 1067] (1947).”
“I realize that a moving defendant has the initial burden of showing that the private and public interest factors weigh heavily against litigation in the forum in which the case is filed. The Supreme Court, in the Gulf Oil case, has stated those private and public interests, as follows:
“ ‘Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, “vex,” “harass,” or “oppress” the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.’
“ ‘Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in. having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.’
330 U.S. at 508-09 [67 S.Ct. at 842-43].
For a discussion of the issue presented here, see, ‘Review and Appeal of Forum Non Conveniens and Venue Transfer Orders,’ 59 Geo.Wash.L.Rev. p. 715 (1991).
“I am of the opinion that the Legislature, in adopting the forum non conve-niens statute, intended to promote the concept of fairness and justice and to provide trial judges with the power to transfer a case if the trial judge, in the exercise of broad discretion, determines that, in the words of the legislation, ‘the interest of justice’ requires it. Blair v. Container Corp. of America, 631 So.2d 919, 921 (Ala.1994); Ex parte Canady, 563 So.2d 1024, 1025 (Ala.1990).”
I realize that the plaintiff should be given great latitude in choosing a forum, but one of the underlying reasons the Unified Judicial System was established, and one of the reasons the Legislature passed § 6-3-21.1, in my judgment, was to promote “justice.” I believe that “the interest of justice” requires that this case be transferred.
*525 Based on the foregoing, I must respectfully dissent.
HOUSTON, J., concurs.

. Note from the Reporter of Decisions: On February 2, 1996, the Alabama Supreme Court withdrew its July 14, 1995, opinion in Ex parte Gauntt and substituted another opinion.

. Note from the Reporter of Decisions: See n. 1. The material quoted here from Justice Maddox’s July 14, 1995, dissenting opinion in Gauntt reads differently in his February 2, 1996, dissenting opinion.