MADDOX, Justice
(dissenting).
On application for rehearing, the majority has withdrawn its original opinion and has substituted another; unfortunately, the majority has reached the same result it reached in that first opinion on July 14, 1995 — that Macon County is a proper venue for these cases although not one of the 16 plaintiffs and not one of the individual defendants resides there.
In reaching that result, the majority holds that the laws of Alabama authorize these plaintiffs to file these claims against a corporate defendant in Macon County and force not only that corporate defendant but the individual defendants, who admittedly committed no wrongful acts in Macon County, to be tried by a jury in Macon County.[9] The *219 trial judge, recognizing how unfair this was, transferred the cases to Shelby County. In doing that, of course, he erred, because Shelby County is not the most convenient forum for the trial of all these eases either. Consequently, I cannot agree with the majority’s interpretation of Ala.Code 1975, § 6-3-5, but instead concur with Justice Houston’s views expressed in his dissenting opinion — that the settled rules of statutory construction require that the provisions of § 6-3-5 be construed to require a transfer.[10] I also agree with Justice Houston that the trial judge erred, however, in transferring all of the cases to Shelby County, but I desire to state some additional views on the subject of venue of actions such as these, especially as it relates to legislative intent in allowing trial judges, and sometimes requiring them, in the interest of justice, to transfer a case to a more convenient forum.[11]
In Alabama, the venue of actions is governed by provisions of the state Constitution, which vests in the legislative branch the sole power to govern venue in both criminal and civil eases. This Court, except when using its power to interpret the intent of a law passed by the legislature or when interpreting a provision of the Constitution, has no authority to determine the place where a civil action can be filed. In fact, when the people ratified Amendment 328 to their Constitution, they specifically stated that this Court, even though granted the power to adopt rules governing practice and procedure, could not “abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein.” Amend. 328, § 6.11, Const, of Ala.1901.
As I interpret Alabama law, these defendants have a substantive right not to be sued in a county unless the legislature has authorized it or required it, and they have a right to have an action transferred to a more convenient forum in the interest of justice. It is clear to me that during the past decade the legislature has been limiting the right of parties to pick the forums where their actions can be brought, and the majority, by interpreting legislative intent so as to authorize a plaintiff to choose a forum where he or she does not reside, where the individual defendants do not reside, and where the event giving rise to the cause of action did not occur, applies a statutory interpretation that seems to run contrary to what the legislature intended.
Assuming, however, that the law did permit the individual defendants to be sued in Macon County, where neither they nor the plaintiffs reside, does the law give them any rights? Of course, it does. Assuming further that the corporate defendant could properly be sued in Macon County, does the law give the corporate defendant any rights? Of course it does. The law provides that, in the interest of justice, the trial judge, using the provisions of law, has the authority to transfer a ease to a more convenient forum.[12]
*220 It seems quite apparent to me that the legislature, in adopting the forum non conve-niens statute, intended to change the law relating to a plaintiffs right to choose the forum and provided that, even if a civil action has been filed in an appropriate venue, “any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed.” (Emphasis added.) In fact, this Court, last term, using this principle of law, required a trial judge to transfer a case out of a particular county, even though the plaintiff had moved to the county and resided there at the time he filed his action. Ex parte New England Mutual Life Ins. Co., 663 So.2d 952 (Ala.1995).[13] The majority cites New England Mutual for the proposition that the venue statutes must be read in pari materia, but it seems to ignore the fact that in that case this Court ordered a transfer.
New England Mutual addressed the intent of the legislature in adopting the forum non conveniens statute:
“The doctrine of forum non conveniens was formally adopted in this state and codified at § 6-3-21.1, Ala.Code 1975; the doctrine has a field of operation only where an action is commenced in a county in which venue is appropriate. Transfers under this Code section are within the diácretion of the trial judge. The purpose of the doctrine is to prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991)_ The burden of proof under this doctrine is on the defendant to prove to the satisfaction of the trial court that the defendant’s inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiffs right to choose the forum is overcome. Stated differently, the transferee forum must be significantly more convenient than the forum in which the action is filed by the plaintiff, to justify transfer. Ex parte Townsend, 589 So.2d at 714.”
663 So.2d at 956.
In that case, the Court held that the legislature had intended to grant a trial judge *221 broad discretionary power to transfer a case when “the defendant’s inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiffs right to choose the forum is overcome.” 663 So.2d at 956.
Given our holding in New England Mutual then, even assuming that the majority has correctly interpreted the statutes as authorizing the filing of these actions in Macon County, that does not mean that the trial judge was powerless to transfer them, because the legislature, in § 6-8-21.1, in granting trial judges the power to transfer cases, has used the words “in the interest of justice.” (Emphasis added.) The legislature must have intended for those words to have meaning, or else it would not have placed them in the statute. What do they mean?
In my opinion, the legislature, in adopting the forum non conveniens statute that includes these words, intended to vest in the trial courts, and in this Court and the Court of Civil Appeals, the power to transfer a case when the “interest of justice” requires a transfer. In 1987, the legislature, after extensive debate, adopted the statute that the trial judge followed in transferring these cases. In my opinion, when the trial judge determines that a plaintiff is guilty of “forum shopping” and that the chosen forum is inappropriate because of considerations affecting the court’s own administrative and legal problems, the statute provides that the trial court “shall” transfer the cause. What has the Supreme Court of the United States said about “forum shopping,” which is obviously involved in these cases? That Court has stated that because plaintiffs are allowed a choice of forum by statute, a plaintiff may be “under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.” Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). In another case, the United States Supreme Court, applying the forum non conveniens doctrine, said a transfer under that doctrine is proper when:
“an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would ‘establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiffs convenience,’ or when the ‘chosen forum [is] inappropriate because of considerations affecting the court’s own administrative and legal problems.’ ”
Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981), quoting Koster v. Lumbermens Mut. Cos. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 831-32, 91 L.Ed. 1067 (1947).
I realize that a defendant moving for a transfer under the doctrine of forum non conveniens has the initial burden of showing that the selected forum is inconvenient. The United States Supreme Court, in the Gulf Oil case, addressed, this issue and discussed the competing private and public interests involved:
“Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, ‘vex,’ ‘harass,’ or ‘oppress’ the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.
“Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn *222 of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.”
330 U.S. at 508-09, 67 S.Ct. at 843. For a discussion of the issue presented here, see, “Review and Appeal of Forum Non Conve-niens and Venue Transfer Orders,” 59 Geo. Wash.L.Rev. 715 (1991).
I am of the opinion that the legislature, by adopting the forum non conveniens statute, which allows the transfer of an action that has been filed in a proper forum, intended to promote the concept of fairness and justice and to provide trial judges with the power to transfer a case, if the trial judge, in the exercise of broad discretion, determines that, in the words of the legislation, “the interest of justice” requires it. Blair v. Container Corp. of America, 631 So.2d 919, 921 (Ala.1994); Ex parte Canady, 563 So.2d 1024, 1025 (Ala.1990).
The trial judge stated his reasons for transferring these cases. The evidence shows that none of the parties or witnesses resides in Macon County; that the only contact with Macon County is the fact that a defendant corporation does business by agent in Macon County; and that the filing of this case in Macon County was an intentional act of forum shopping.
I close this dissent by asking this question: How can permitting 23 plaintiffs to sue individual and corporate defendants in a county where none of the individual plaintiffs and none of the individual defendants resides, and where none of the alleged wrongful acts occurred, be “in the interest of justice”? It would seem to me that the most convenient forums would be the counties where the individual plaintiffs reside and where the corporate defendants apparently did the business that led to these disputes, and where the alleged wrongful acts occurred. The public interest in the fair application of venue statutes is apparent, and I believe the trial judge here carried out the intent of the legislature. Consequently, I must respectfully dissent.
HOOPER, C.J., and HOUSTON, J., concur.

. The salient facts are:
(1)None of the plaintiffs resides in Macon County now, and none of them resided there either at the time they filed these complaints or at the time any of the alleged wrongful acts occurred.
(2) None of the individual defendants in any of the cases resides in Macon County now, and none of them resided there either at the time the complaints were filed or at the time any of the alleged wrongful acts occurred.
(3) The underlying actions are personal actions, although each apparently arises out a *219 relationship between an insured and an insurer and the alleged agents of the insurer.
(4) The plaintiffs’ only basis for filing the actions in Macon County is that some of the corporate defendants do business in that county-
(5) None of the alleged wrongful acts or omissions committed against any plaintiff occurred in Macon County and none of the plaintiffs suffered any injury in Macon County.

.The relevant portion of Ala.Code 1975, § 6-3-5, provides:
"(a) Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business."
(Emphasis added.)

. See, Ex parte New England Mutual Life Ins. Co., 663 So.2d 952 (Ala.1995).

. Ala.Code 1975, § 6-3-21.1 (a), reads as follows:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
(Emphasis added.)
This Code section is taken from Act No. 87-181, Ala. Acts 1987, p. 243, which was part of the *220 so-called “tort reform.” package of bills adopted by the legislature; when it adopted that package of bills, the issues of venue and the principle of forum non conveniens were important issues being considered by the legislature. Robert D. Hunter, who served as the Governor's special counsel on tort reform at the time those bills were adopted, specifically stated the following regarding the doctrine of forum non conveniens:
"The ability to transfer cases within Alabama for the convenience of parties and witnesses and in the interest of justice was denied Alabama courts prior to passage of Alabama Code section 6-3-21.1 in this tort reform effort. Courts are now required to transfer a case to a county in which the case originally might have been filed if the convenience of the parties and witnesses or the interests of justice so dictate. Although the statute uses the mandatory term 'shall,' judicial discretion will necessarily be involved in considering the factors of convenience and the interest of justice.
"As introduced, the forum non conveniens proposal referred only to a 'change' of venue. Although the Alabama Constitution grants courts the power to 'change' venue, existing statutes speak in terms of both a 'change' and a 'transfer' of venue. One ‘change’ of venue for cause is permitted any parly, while a defendant may move for 'transfer' of venue as provided in the Alabama Rules of Civil Procedure. Those who drafted section 6-3-21.1 were of the view that venue was ‘changed’ and actions were 'transferred,' a view apparently shared by those who drafted Alabama Rule of Civil Procedure 82. During the course of Senate debate, the reference was expanded to include ‘change or transfer’ of venue. The language was altered to insure that section 1(b), which specified the new right, was considered cumulative to previously existing rights.”
“Alabama's 1987 Tort Reform Legislation,” 18 Cumb.L.Rev. 289 (1988).

. In that case, the corporate defendant was sued in Barbour County by a plaintiff who lived in Barbour County at the time the action was filed. The corporate defendant asked the trial judge to transfer the case to Montgomery County, but the trial judge refused. This Court, on petition of the corporate defendant and the individual defendant, issued a writ of mandamus requiring the transfer, based on the conclusion that the petitioners had clearly shown that Barbour County was not the most convenient forum. In fact, as stated above, in that case this Court ordered the trial judge to transfer the case out of the county where it was filed, even though the plaintiff resided there.