HOUSTON, Justice
(dissenting)
(dissenting opinion modified on denial of second application for rehearing, May 3, 1996).
The majority opinion has implicitly overruled the discussion of Ala.Code 1975, § 6-3-5, in Ex parte New England Mutual Life Insurance Co., 663 So.2d 952 (Ala.1995). I concurred in New England Mutual. I still concur with the result reached in New England Mutual; however, I would modify New England Mutual as it relates to the discussion of § 6-3-5, for the following reason.
The phrase “a civil action on any such policy or certificate” implies an action based on rights or obligations of the parties arising out of the terms of the policy or certificate and not rights or duties implied in law.
Alabama Code 1975, § 6-3-5, applies to all corporations that issue policies or certificates of insurance of any kind. The defendants in these actions are corporations that issue policies or certificates of insurance. Under § 6-3-5, these defendants are “subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides.” Therefore, the proper venue for these contract actions must be determined by looking to § 6-3-5. The contract actions must be brought in the county where the holder of the policy resides. Insofar as the tort actions are concerned, Ala. Code 1975, § 6-3-7, applies; it provides that “all actions against a ... corporation for personal injuries must be commenced in the county where the injury occurred or the county where the plaintiff resides.”[1] None of the injuries occurred in Macon County and none of the plaintiffs reside in Macon County; therefore, the trial court correctly ruled that Macon County was not a proper venue for these actions.
Adding to the tortured history of this case is the fact that in all of the confusion over venue as to the corporate defendants, I, in my original dissent, overlooked the fact that there was an individual defendant who resided in Shelby County. Venue was proper as to him in Shelby County. Ala.Code 1975, § 6-3-2(a)(2), (3). Therefore, under Rule 82(c), A.R.Civ.P., venue was proper in Shelby County and the trial court did not err in transferring this action to Shelby County.
HOOPER, C.J., and MADDOX, J., concur.

. Although § 6-3-7 reads "domestic corporation,” Amendment No. 473 to the Constitution of Alabama of 1901, which was proclaimed ratified on April 1, 1988 (Proclamation Register No. 6, p. 39), provides, in pertinent part: "Any foreign corporation ... may be sued only in those counties where such suit would be allowed if said foreign corporation were a domestic corporation.” Therefore, the quoted provision of § 6-3-7 applies to all corporations.