COOK, Justice.
Betsy Dorsey and the plaintiffs in six other cases pending in Macon County petition this Court for a writ of mandamus directing Macon County Circuit Judge Howard Bryan to vacate his order transferring these seven cases to Shelby County. We grant the petition.
The petitioners are the plaintiffs in 7 actions (hereinafter called the “Dorsey actions”) of the 16 separate actions that were involved in Ex parte Gauntt, 677 So.2d 204 (Ala.1996) (the “Gauntt actions”). The Gauntt actions were originally “filed in Macon County against United Insurance Company of America (“United”), Unitrin, Inc., United Casualty Insurance Company of America, Union National Life Insurance Company, and Union National Fire- Insurance Company.” Id. at 206. “The defendants filed a motion to transfer the cases to Shelby County, based on allegations of improper venue and premised upon the assertion that United’s regional manager, George McDonald, resides in Shelby .County.” Id. After the trial judge granted the defendants’ transfer motion, the “plaintiffs, whose actions [were] based on various contract and fraud claims, ... petitioned for a writ of mandamus directing the trial judge to set aside his transfer orders.” Id. (emphasis added). We further noted in Gauntt that although United did business in Macon County, none of the plaintiffs lived there, but all resided, instead, “in the central Alabama counties of Elmore, Montgomery, Chilton, and Tallapoosa.” Id.
Construing in pari, materia §§ 6-2-5 and -7, Ala.Code 1975, this Court held that the Gauntt actions containing contract claims were, indeed, maintainable in Macon County, despite the fact that no plaintiff lived there. Id. at 215. As for those actions based on complaints containing only ex delicto claims, we directed that they be transferred to counties in which the plaintiffs resided, or in which the “wrongful acts occurred.” 677 So.2d at 215. The Dorsey actions fall into the latter category.
After the opinion in Gauntt was released, the plaintiffs voluntarily dismissed from the action George McDonald, the only Shelby County resident. On September 9, 1996, the Macon County Circuit Court conducted a hearing to consider the venue questions. On November 8,1996, it once again ordered that the Dorsey actions be transferred to Shelby County. In doing so, it stated:
“At the time the motion to transfer was argued there was an individual defendant who resided in Shelby County. His residence ... was part of the reason that the cases were transferred to Shelby County. He has recently been dismissed as a party defendant. However, since the pleadings are being considered as of the date of the hearing on the motion to transfer the court is of the opinion that Shelby County is an appropriate venue and is due to be given deference based on the wishes of the defendants.”
(Emphasis added.)
On January 23, 1997, the Dorsey action plaintiffs petitioned this Court for a writ of *1351 mandamus directing Judge Bryan to vacate his order transferring the actions to Shelby County. It is undisputed, of course, that Macon County is not the proper forum for these actions. 677 So.2d at 215. Thus, the issue is whether, consistent with Gauntt and with the venue rules of this state, Shelby County is an acceptable forum. We hold that it is not.
United contends that Shelby County is a proper forum for these actions, notwithstanding the dismissal of the only Shelby County resident. In doing so, it relies on Ala. R. Civ. P. 82(d)(3), which provides in pertinent part:
“(d) Improper Venue.
[[Image here]]
“(3) Procedure on Transfer. In the event the venue of the action is or has become improper and venue is appropriate in more than one other court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred and, where there are multiple defendants who are unable to agree upon a transferee court, the court may transfer the action to any such other court.”
(Emphasis added.)
We have not been apprised of, nor have we discovered, any case law directly on point with this factual scenario, namely, where the defendants in an action commenced in an improper forum sought to transfer the action to another county, where the only connection between the transferee county and the action was the residence in the transferee county of an individual who once was — but no longer is — a defendant in the action, having been voluntarily dismissed by the plaintiffs. Rule 82(d)(2)(A), however, instructs us on this point. That section provides in part:
‘When a defendant whose presence made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed on notice or motion of the plaintiff, the court, on motion of less than all remaining defendants, in its discretion, may, and on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone.... ”
It was the presence of McDonald — and of McDonald alone — that ever rendered Shelby County a potential forum for these actions, . and he is now absent.
United, however, argues that venue is to be determined as of the date of commencement of the action, and, therefore, reiterating the trial court’s rationale as to the effect of the individual defendant’s dismissal, contends that the “belated attempt to dismiss defendant McDonald from these actions ... does not change the result.” Answer to Petition for Writ of Mandamus, at 8-9. In support of this rationale, United cites Ex parte Canady, 563 So.2d 1024, 1026 (Ala.1990); Ex parte Hawkins, 497 So.2d 825, 827 (Ala.1986); Ex parte Parker, 413 So.2d 1105, 1106 (Ala. 1982); and Ex parte Wilson, 408 So.2d 94 (Ala.1981).
We find those cases to be inapposite. In each of them, the issue was whether a venue defect — resulting from the plaintiffs failure to sue initially a defendant that would have rendered venue proper — could be cured by the subsequent addition of such a defendant. The rule derived from those cases is that such a defect cannot be cured by such an addition. In Wilson, for example, we explained:
“Petitioner’s final argument for relief is that even if venue in Hale County is not otherwise proper, the addition by amendment of O’Beirne, a Hale County resident, as a party defendant cures any defect. Thus, if venue is proper in Hale County as to defendant O’Beirne, it is also proper as to the other defendants under the ancillary venue provisions of Rule 82, [Ala. R. Civ. P.]. We note, however, that O’Beirne was not added as a party defendant until after the filing of defendants’ motion for change of venue. Rule 82(d), [Ala. R. Civ. P.], states that ‘[w]hen an action is filed laying venue in the wrong county, the court, on timely motion, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.’ *1352 (Emphasis added [in Wilson ].) The Committee Comments provide that this applies ‘only where the original venue was not proper.’
“The original venue in the present case was improper. The defendants are, not subject to suit in Hale County because the injury did not occur there nor are defendants doing business by agent in that county. We held in Ex parte Maness, [386 So.2d 429 (Ala.1980) ], that a ‘transfer is not authorized under the rules unless venue was incorrect at the outset of the suit.’ Id. at 430. It follows, then, that Rule 82(d) is just as clear in reverse. That is, if venue is not appropriate when suit is filed, the case ‘shall’ be transferred. Petitioner’s attempt to cure the improper venue did not serve to defeat the trial court’s mandate to transfer the action pursuant to Rule 82(d) from Hale to Jefferson County.”
The rule proposed by United would, essentially, constitute the reverse application of the rule set forth in the cases on which it relies. The rule of Canady, Hawkins, Parker, and Wilson disregards for venue purposes the addition by amendment of a defendant that would have made venue proper in the transferor county if sued there initially. It does this, as Wilson explained, based on the express authority of Rule 82(d)(1). But it does not follow that the dismissal of the only defendant who made venue proper.in the transferee county ought to be disregarded. For that result, there is no authority. On the contrary, as we have pointed out previously in this opinion, Rule 82(d)(2)(A) states:
“When a defendant whose presence made venue proper ... at the time of the commencement of the action is subsequently dismissed on ... motion of the plaintiff, the court, ... on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone. ...”
(Emphasis added.)
Clearly, this action could not have been commenced initially in Shelby County against these “remaining defendants alone.” Just as clearly, had this action been commenced in Shelby County, based on McDonald’s residence there; had the plaintiffs subsequently dismissed McDonald; and had United then moved to transfer the actions out of Shelby County on the authority of Rule 82(d)(2)(A), the actions could not have been maintained in Shelby County. To disregard, as United urges us to do, McDonald’s dismissal, and, therewith, the loss of the only basis for venue in Shelby County, defies the logic and rationale of Rule 82(d).
Considering Rule 82(d) in its entirety, we conclude that venue ceased to be “appropriate” in Shelby County when McDonald was dismissed as a defendant in these actions, and, consequently, we conclude that the trial court erred in disregarding his dismissal and in transferring the' action to Shelby County. These actions must, therefore, “be transferred to the county of the plaintiff’s residence, unless the wrongful acts occurred in some other county.” Ex parte Gauntt, 677 So.2d 204, 215 (Ala.1996). The petitioners, having demonstrated a “clear legal right,” id. at 207, to the relief they seek, are entitled to the writ of mandamus.
PETITION GRANTED.
ALMON, SHORES, and KENNEDY, JJ., concur.
BUTTS, J., concurs in the result.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.