SEE, Justice
(dissenting).
• I respectfully dissent from the judgment and from the rationale of the main opinion, which concludes that the Dorsey actions were not properly transferable to Shelby County from Macon County. This Court recognized in Ex parte Gauntt, 677 So.2d 204, 215 (Ala.1996), that at the time the Dorsey personal injury actions were commenced, venue was not proper in Macon County. The defendants, including Mr. McDonald, unanimously moved to transfer the actions to Shelby County. Rule 82(d)(3), Ala. R. Civ. P., authorized the trial court to order the transfer:
“(3) Procedure on Transfer. In the event the venue of action is or has become *1353 improper and venue is appropriate in more than one other court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred....”
(Emphasis added.) Rule 82(d)(3) authorized the transfer of the Dorsey actions from the Circuit Court of Macon County to any “other court” where venue was appropriate. At the time of the commencement of the Dorsey actions, venue was appropriate in the Circuit Court of Shelby County. Ala.Code 1975, § 6 — 3—2(a)(3), provides:
“(a) In proceedings of a legal nature against individuals: ... (3) All other personal [ (ie., noncontract) ] actions, if the defendant or one of the defendants has within the state a permanent residence, may he commenced in the county of such residence .... ”
(Emphasis added.) McDonald resided in Shelby County; therefore, venue would have been appropriate in Shelby County at the time the Dorsey actions were commenced. Accord Gauntt, 677 So.2d at 223 (Ala.1996) (Houston, J., dissenting).
After remand from this Court in Gauntt, and in an effort to preclude a transfer to Shelby County, the plaintiffs dismissed McDonald. The plurality advances the plaintiffs’ venue-shopping efforts by applying Rule 82(d)(2)(A), Ala. R. Civ. P., when that Rule is inapplicable, and by disregarding the well-settled law that venue must be determined at the time the action is commenced. See, e.g., Ex parte Canady, 563 So.2d 1024, 1025 (Ala. 1990) (citing Ex parte Parker, 413 So.2d 1105, 1106 (Ala.1982)).
The plurality first contends that because the Dorsey actions could not have been brought in Shelby County against the remaining defendants after McDonald was dismissed, Rule 82(d)(2)(A) precludes a transfer to Shelby County. Rule 82(d)(2)(A), however, is not written as the plurality reads it:
“When a defendant whose presence made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed on notice or motion of the plaintiff, the court, on motion of less than all remaining defendants, in its discretion, may, and on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone.... ”
(Emphasis added.) Rule 82(d)(2)(A) gives the remaining defendants the option to transfer out of a county after the plaintiffs’ dismissal of one of the original defendants. This decision is plainly left to the defendants — not to the plaintiffs — in order to discourage plaintiffs from dismissing defendants for forum-shopping purposes. The Dorsey action defendants did not move to leave Shelby County after the plaintiffs strategically dismissed McDonald. Rather, the defendants had moved to transfer to Shelby County before McDonald’s dismissal. Thus, Rule 82(d)(2)(A), which applies only to post-dismissal motions by defendants, is inapplicable, and it should not be construed to further the very practice it was designed to discourage.
The plurality attempts to distinguish the decisions of this Court holding that venue is to be determined at the time of the commencement of the action. The plurality asserts that these decisions proscribe only that venue manipulation that results from the addition of defendants, and not such manipulation that results from dismissal of defendants. See, e.g., Ex parte Canady, 563 So.2d at 1025-26 (upholding trial court’s refusal to transfer action based on plaintiffs addition of a new defendant). Absent clear language in Rule 82 or a statute to support such an inconsistent policy, I would not encourage forum shopping by the dismissal of defendants, yet discourage the same practice when accomplished by addition.
I dissent.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., concur.