HARWOOD, Justice.
This petition for a writ of mandamus arises from a lawsuit wherein Thelma Hoytte and Lee Craig sued Margie Evans McDonald, Barbara’s Flower Shop, and various fictitiously named defendants for damages based on harm allegedly caused by the defendants’ negligence or wantonness in causing an automobile accident. The plaintiffs filed their complaint in the Perry County Circuit Court on June 30, 2000. The defendants filed a motion to dismiss or to transfer the case, on July 28, 2000, arguing that, pursuant to Ala. Code 1975, § 6-3-2(a)(3), and Rule 82, Ala. R.Civ.P., the proper venue for the case was Marengo County, where the accident occurred, or Fayette County, where McDonald resides, or Marion County, where Barbara’s Flower Shop is located. On August 3, 2000, the plaintiffs amended their complaint to add a claim alleging negligent maintenance of the highway, against the Marengo County Commission (“the Commission”). In their amendment, the plaintiffs purported to substitute the Commission for one of the defendants named fictitiously in the original complaint. On August 20, 2000, the Commission filed a motion seeking a transfer of the case to Marengo County pursuant to Ala.Code 1975, § 6-3-11. On September 7, 2000, the Perry County Circuit Court transferred the case to the Marengo County Circuit Court.
The two defendants named in the original complaint petition for a writ of mandamus directing the Perry Circuit Court to withdraw its order transferring this case to the Marengo Circuit Court and to enter an order transferring this case to the Marion County Circuit Court.
The law is well settled as to what the petitioners must show in order obtain the writ they seek:
“The writ of mandamus is an extraordinary remedy, and it will be issued only when there is 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala.1993). Additionally, a writ of mandamus will not be issued if the matter complained of can ultimately be resolved by an appeal. Ex parte Spears, 621 So.2d 1255 (Ala.1993).”
*206 Ex parte Lumbermen’s Underwriting Alliance, 662 So.2d 1133, 1135 (Ala.1995).
The parties acknowledge that Perry County was not a proper venue for Hoytte and Craig’s lawsuit. However, McDonald and Barbara’s Flower Shop, as petitioners, contend that they have “a clear legal right” to an order transferring the case to Marion County because, they argue, at the time they challenged the venue of the case in Perry County, the plaintiffs could not “cure” the problem by adding the Commission as another defendant. The petitioners cite Ex parte Dorsey, 700 So.2d 1349 (Ala.1997), as support for their argument. In Dorsey, this Court considered a joint petition for a writ of mandamus arising from a situation in which several insureds filed several lawsuits against their respective insurance companies based on allegations of fraud and breach of contract. The plaintiffs in Dorsey had filed their lawsuits in Macon County, where agents of one of the defendants did business. The trial court transferred the claims based on fraud to Shelby County, the county of residence of the regional manager of one of the defendant insurance companies. The plaintiffs then petitioned this Court for a writ of mandamus directing the trial court to vacate the transfer, arguing that they had voluntarily dismissed the regional manager before the trial court entered its order transferring the fraud-based claims. This Court’s decision to grant the petition in Dorsey turned on a construction of Rule 82, Ala.R.Civ.P., with the Court considering the application of several cases that had held that improper venue could not be cured by the subsequent addition of a defendant for which venue would have been proper. See, e.g., Ex parte Canady, 563 So.2d 1024, 1026 (Ala.1990); Ex parte Hawkins, 497 So.2d 825, 827 (Ala.1986); Ex parte Parker, 413 So.2d 1105, 1106 (Ala.1982); and Ex parte Wilson 408 So.2d 94 (Ala.1981). The Dorsey Court concluded that those cases were inapposite because they considered the effect on venue of a later addition of a defendant, rather than the effect of a later dismissal of a defendant. The Court ultimately determined that, “[cjonsidering Rule 82(d) in its entirety,” the trial court’s transfer was erroneous; the Court granted the petition. 700 So.2d at 1352.
Dorsey, and the cases cited therein, relied on the application of Rule 82, Ala. R.Civ.P., to the particular circumstances of their respective situations. The case before us now presents a different situation, because proper venue for an action against a county is governed by a specific statute, Ala.Code 1975, § 6-3-11. That statute provides:
“The venue for all civil actions for damages for personal injury, death, or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred.”
(Emphasis added.)
In Ex parte Alabama Power Co., 640 So.2d 921 (Ala.1994), this Court discussed the application of this statute by first reviewing the original legislation, Act No. 87-391, Ala. Acts 1987, which included the repeal of all laws in conflict with the provision now codified as § 6-3-11. We stated:
“The legislative intent is clear — ‘all’ laws making venue in actions against municipalities for the kinds of actions specified in § 6-3-11 proper in any county other than the county in which the municipality is located or the county in which the act or omission complained of occurred were repealed. Thus, in enacting Act No. 87-391, a general act of statewide application, the legislature established as the rule of law relating to *207 venue for municipalities the provision now appearing at § 6-3-11; that action effectively prevented the application of the venue provision of Rule 82(c) to claims against municipalities, because that rule clearly conflicts with the legislative mandate of § 6-3-11.”
640 So.2d at 924.
“When a lawsuit involves a county or a municipality as a defendant and also involves one or more other defendants, the matter of venue is to be determined by referring to Ala.Code 1975, § 6-3-11, which provides that all civil actions for damages for personal injury, death, or property damage against a county must be brought in that county, or in the county where the act or omission occurred.”
Ex parte Talladega County, 632 So.2d 473, 474 (Ala.1994). See also Ex parte City of Greensboro, 730 So.2d 157 (Ala.1999).
Thus, we conclude that the operation of Rule 82, Ala.R.Civ.P., and the cases determining venue based on that rule, are inapplicable to this case. The issue in this case is resolved by the provision of § 6-3-11 stating that venue for the plaintiffs’ claim against Marengo County shall be in Marengo County. Moreover, the petitioners’ argument that the plaintiffs did not properly substitute the Commission for a fictitiously named party does not affect the determination of proper venue, under the circumstances of this case. Pursuant to Rule 15, Ala.R.Civ.P., the plaintiffs had the right freely to amend their complaint to add the Commission as a defendant at any time more than 42 days before the case was first set for trial; indeed, the petitioners admit in their argument that the plaintiffs had that right. The law is settled that this Court looks to the substance of an amendment to a pleading rather than the form. See, e.g., McElrath v. Consolidated Pipe & Supply Co., 351 So.2d 560 (Ala.1977); Huskey v. W.B. Goodwyn Co., 295 Ala. 1, 321 So.2d 645 (1975). We conclude that the plaintiffs’ addition of the Commission under the circumstances of this case, whether or not it was perfect fictitious-party practice, was adequate under Rule 15 to include the Commission as a defendant. Because the Commission is properly a party to the lawsuit, based on the plaintiffs’ amendment to their complaint, the petitioners’ argument concerning the propriety of the substitution of the Commission as a fictitious party is ultimately irrelevant to our consideration of venue under § 6-3-11.[1]
In this case, the application of § 6-3-11 is dispositive of the issue of venue. We find no error in the transfer of this case to Marengo County and thus no error in the Marengo Circuit Court’s failure to transfer the case to Marion County. The petition for the writ of mandamus is denied.
PETITION DENIED.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., concur.

. We also note that the petition could be denied because the petitioners, under the circumstances of this case, fail to show that they have a "clear legal right,” Lumbermen’s Underwriting Alliance, supra, to a transfer to Marion County. That is, the parties agree that venue was improper in Perry County and was proper in Marengo County at the outset of this case. Thus, the trial court could have properly transferred this case to Marengo County, even before the addition of the Commission as a defendant. The trial court's choice of a transfer among several proper venues is discretionary. Ex parte Edgar, 543 So.2d 682 (Ala. 1989); and Ex parte Hawkins,, 497 So.2d 825 (Ala.1986). The petitioners have not presented any rationale to show that the trial court's transfer to Marengo County was an abuse of discretion.