# American Coal Corporation *v.* Roux.

*Injury to Servant.*

(Decided May 13, 1915.  68 South. 970.)

*Corporations; Actions Against; Venue; Injuries.*—Under section 6112, Code 1907, an action against a corporation for personal injury may be brought in the county in which the injury occurred, though the corporation does not do business therein by its agent.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by C. Roux against the American Coal Corporation for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff alleges: That while in the employment of defendant corporation certain cars broke loose and ran down the slope of a mine against plaintiff, injuring him and damaging him; that the mine was one of the Burnwell mines in Walker county, Ala., and that plaintiff was injured therein. The first count is under the first subdivision of the Employers' Liability Act. The sec-

ond count is for failure of the common-law duty to furnish a reasonably safe place. The fourth count is under the fifth subdivision. The defendant appeared only for the purpose of presenting its plea in abatement, and says that this cause should be abated because defendant is a corporation and was not engaged in business by agents in Walker county, Ala., at the time of the filing of this suit, or at the date of the service of the same. This was verified by affidavit of one R. H. Nason. The court sustained demurrers thereto, and proceeded to trial with the result above indicated.

BANKHEAD & BANKHEAD, for appellant.

J. L. DRENNEN, and ERNEST LACY, for appellee.

ANDERSON, C. J.—Section 6112 of the Code says: "A foreign or domestice corporation may be sued in any county in which it does business by agent; but all actions for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiff's residence."

This section, in plain and unambiguous language, authorizes all suits against corporations in any county where they do business by an agent, except as to actions for personal injuries, which said actions must be brought in the county in which the injury occurred, or in the county in which the plaintiff resides, if the corporation does business by an agent in the county of plaintiff's residence. The suit can be brought in the county where the injury occurred, whether the plaintiff resides there or not or whether the corporation did business there by an agent or not. If not brought in the county where the injury occurred, then it can be

brought in the county where the plaintiff resides, provided the corporation does business by agent in said county of the plaintiff's residence. To hold that it cannot be brought in the county where the injury occurred, unless the corporation did business there by an agent, would be to render that part of section 6112, dealing with personal injury actions, absolutely impotent, and would make the section read as if this last part was never incorporated theerin.

The complaint averred that the injury occurred in Walker county, and the plea in abatement did not deny this charge, and the plaintiff's demurrer thereto was properly sutained.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.