HOUSTON, Justice
(dissenting).

Turpin Vise Insurance Agency’s Petition for the Writ of Mandamus.

Section 6.11 of Amendment No. 328 to the Constitution of Alabama of 1901, provides in pertinent part:
“The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not ... affect ... venue of actions therein_”
The Legislature, which has the constitutional power to provide for the proper venue of actions, has provided, in Ala.Code 1975, § 6-3-5, that Foremost Insurance Company may be sued in the county “where the holder of the policy or certificate resides” (Hale County). Knowing that the majority of this Court, in spite of the constitutional restriction on judicial power over venue, has chosen to expand venue in actions against insurance companies beyond the legislatively prescribed limits of § 6-3-5 (see Ex parte Gauntt, 677 So.2d 204 (Ala.1996)), I look to the next possible legislatively prescribed venue for Turpin Vise Insurance Agency, Inc., and (in accordance with Ex parte Gauntt) for Foremost: Ala.Code 1975, § 6-3-7. Under § 6-3-7, Turpin Vise and Foremost may be sued in the county where the injury allegedly .occurred (Hale County), or in the county where the plaintiff Tommy Johnson resides, if those defendant corporations do business by agent in the county of the plaintiff Johnson’s residence (Hale County). Because Johnson’s alleged injury occurred in Hale County, and both Turpin Vise and Foremost do business in Hale County where Johnson resides, venue is proper in Hale County. This Court has no constitutional right to change venue by rules of practice or procedure. Therefore, Turpin Vise’s petition for the writ of mandamus should be granted and the trial court should sever Johnson’s claims and transfer them to the legislatively prescribed venue, Hale County.

*373
Foremost Insurance Company’s Petition for the Writ of Mandamus:

For the reasons stated above, venue is not proper against Foremost in Greene County for the claims alleged by Johnson, Joe Jones, Carlton Hogue, or Queen Etta Grayson. Therefore, Foremost’s petition for the writ of mandamus should be granted, and the trial court should transfer Johnson’s case to Hale County; Joe Jones’s case to Bibb County; Carlton Hogue’s case to Bibb County; and Queen Etta Grayson’s case to Dallas County. Venue is proper as to Lewis McNeal in Greene County.
This Court is prohibited by § 6.11 of Amendment No. 328 of the Constitution from doing what the majority of this Court has done here; and in doing what it has done here the majority violates the separation of powers demanded by the Alabama Constitution (Article III, §§ 42 and 43). The evidence of the transaction, occurrence, or series of transactions or occurrences (Rule 20, Ala.R.Civ.P.) that will be offered to prove Lewis McNeal’s cause of action will not in any way prove Johnson’s, Jones’s, Hogue’s, or Grayson’s cause of action.
HOOPER, C.J., and MADDOX, J., concur.